**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| ROBERT JACKSON III BEY, | : | |
| | : | Civil Action No. 19-17171 (MAS) |
| Petitioner, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| JUDGE QASIM, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**SHIPP, District Judge**

Petitioner Robert Jackson III Bey, a pretrial detainee currently confined at Somerset County Jail, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) At this time, the Court is required to screen the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to proceedings under § 2241 through Rule 1(b), to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, the Court will dismiss the petition without prejudice and a certificate of appealability will be denied.

**I.    BACKGROUND**

Petitioner filed the instant Petition on August 22, 2019, seeking to challenge the legality of an ongoing criminal proceeding in the New Jersey State Courts before Judge Qasim. (*See* Pet.) Petitioner seeks immediate release from Somerset County Jail.[1] (*Id.* at 9.)

---

[1] Petitioner additionally seeks relief in the form of "charges on anyone" involved in his criminal matter and money damages. (Pet. 9.) Such relief is not available in a habeas proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is

The Petition raises four grounds for relief. First, Petitioner asserts that he is a Moorish American National and, as such, his detention is in violation of international law, the Treaties of Peace and Friendships of 1787 and 1836, and the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Amendments. (*Id.* at 7.) Second, Petitioner claims that he is "[b]eing denied [his] Unalienable, Substantive Rights and Birthright recognized Laws of the Nations of the Earth." (*Id.* at 8.) Third, Petitioner asserts that he is "[b]eing denied Due Process of Law [be]cause of Threat, Duress and Coercion and Duress of imprisonment." (*Id.*) Finally, Petitioner contends that Judge Qasim is "knowingly and willingly proceeding without jurisdiction" in the pending state court criminal proceeding. (*Id.* at 9.) The threadbare factual allegations contained in the Petition suggest that Petitioner takes issue with the state court's refusal to consider paperwork submitted by Petitioner regarding his status as a Moorish American National. (*See id.* at 8.) The Petition indicates that Petitioner has not raised these claims in any of the New Jersey appellate courts. (*See id.* at 3–7.)

## II. DISCUSSION

28 U.S.C. § 2241(c) provides that habeas relief may be extended to a prisoner where he "is in custody in violation of the Constitution or laws or treaties of the United States." Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), this Court is required to review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas

---

not an appropriate or available federal remedy."); *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) (noting that monetary damages are not available in a habeas proceeding).

2

petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

As a pretrial detainee, Petitioner's challenge to the validity of his confinement at Somerset County Jail and his request for release is properly brought pursuant to 28 U.S.C. § 2241. *See Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) ("[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" (citation omitted)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran*, 393 F. App'x at 4 (quoting *Moore*, 515 F.2d at 445–46). Section 2241 therefore may not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit thus held in *Moore* that although federal district courts have jurisdiction to hear the habeas challenges of state pre-trial detainees, "jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443 (citations omitted). Extraordinary circumstances may be present where there is evidence that reveals "delay, harassment, bad faith, or other intentional activity." *Id.* at 447 n.12.

Here, it is clear from the Petition that none of Petitioner's claims for relief have been exhausted in state court. Petitioner indicates in the Petition that he has not filed any appeal regarding his challenge to the state court's jurisdiction over the pending criminal action against him. (*See* Pet. 3–4.) Nor has Petitioner demonstrated that there are any extraordinary circumstances to excuse his failure to exhaust these claims. Petitioner appears to allege that he has attempted to raise certain claims regarding his status as a Moorish American National to the

state trial court and that his arguments were disregarded.[2] *See id.* at 8–9. This, however, does not rise to the type of extraordinary circumstances required for this Court to exercise jurisdiction over the Petition absent exhaustion in state court. *See Duran*, 393 F. App'x at 4–5. Accordingly, the Petition will be dismissed without prejudice.

### III. CERTIFICATE OF APPEALABILITY

Petitioner is required to obtain a certificate of appealability to the extent he wishes to challenge this Court's dismissal of his Petition. *See* 28 U.S.C. § 2253(c)(1)(A) (explaining that unless a certificate of appealability is issued, an appeal may not be taken from "the final order in a habeas corpus proceeding in which the detention complained of *arises out of process issued by a State court*" (emphasis added)); *see also Thomas v. Warden*, No. 16-685, 2016 WL 756558, at *3 n.2 (D.N.J. Feb. 26, 2016) (explaining that a certificate of appealability is required for a petition seeking pretrial habeas relief under 28 U.S.C. § 2241(c)(3)).

In a habeas proceeding, a certificate of appealability may only be issued where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Here, the Court denies a certificate

---

[2] Petitioner also alleges that the state court's refusal to consider his arguments regarding his Moorish American Status "renders them treasonist [*sic*], and renders them as the law breakers." (Pet. 8–9.) The Court will disregard these conclusory allegations.

4

of appealability because jurists of reason would not find it debatable that the Petition should be dismissed.

IV. **CONCLUSION**

For the foregoing reasons, the Petition is dismissed without prejudice and a certificate of appealability will not issue. An appropriate order follows.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE